UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**TERENCE JAY BILGO,**

    **Plaintiff,**

    v.                                                     Case No. 20-CV-606-SCD

**UNITED STATES POSTAL SERVICE,**

    **Defendant.**

---

**DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

---

    In March 2020, Terrance Jay Bilgo filed a tort action against the United States Postal Service in Wisconsin state court. The Postal Service promptly removed the matter to federal court and moved for dismissal based on lack of subject-matter jurisdiction, failure to exhaust administrative remedies, and failure to properly effectuate service of process. Because Bilgo did not file an administrative claim against the Postal Service prior to initiating this lawsuit, I will grant the Postal Service's motion and dismiss this action for failure to exhaust.

## BACKGROUND

    On March 27, 2020, Bilgo filed a tort claim against the United States Postal Service in Sheboygan County Circuit Court. *See* ECF No. 1-1 at 2. Bilgo alleges that, on February 1, 2020, "USPS issued a letter that included factually inaccurate information resulting in merit-less threats against [him]." *Id.* He claims these threats, which "include potential police action against [him]," are causing disruptions to his employment (impacting his "performance/incentive-based pay") and "normal patterns of every-day living." *Id.* Bilgo alleges that he reached out to "USPS leadership" on February 3, 2020, "to understand the

purported facts used in [the] Feb 1 letter" and has since emailed the Postal Service sixteen times in an attempt "to secure facts and/or data (location, date, time) related to the false claim"; however, all requests have been refused. *Id.* Bilgo requests that "the factually inaccurate claims and related threats be rescinded." *Id.* He is also seeking $1,600 per month "in negative financial impact on [his] employment" and "court costs." *Id.*

On April 14, 2020, the Postal Service removed the matter to federal court under 28 U.S.C. § 1442(a)(1). *See* ECF No. 1. It was randomly assigned to me, and all parties subsequently consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 4, 5. On May 15, 2020, the Postal Service filed a motion to dismiss Bilgo's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). *See* ECF No. 6. The motion is fully briefed and ready for disposition. *See* ECF Nos. 7, 8, 9.

## MOTION TO DISMISS STANDARDS

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges a federal court's subject-matter jurisdiction. "Motions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014) (citing *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996)). In reviewing a motion to dismiss for lack of subject-matter jurisdiction, courts must "accept as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff." *Ctr. for Dermatology*, 770 F.3d at 588 (citing *Iddir v. INS*, 301 F.3d 492, 496 (7th Cir. 1996)). Nevertheless, "a plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Ctr. for Dermatology*, 770 F.3d at 588–89 (citing *Kontos v. U.S. Dep't Labor*, 826 F.2d 573, 576 (7th Cir. 1987)).

2

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "To survive a motion to dismiss, a complaint must 'state a claim to relief that is plausible on its face.'" *Zemeckis v. Global Credit & Collect. Corp.*, 679 F.3d 632, 634–35 (7th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim satisfies this pleading standard when its factual allegations 'raise a right to relief above the speculative level.'" *Zemeckis*, 679 F.3d at 635 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). When analyzing a motion to dismiss pursuant to Rule 12(b)(6), courts must "take the facts from the complaint, accept them as true, and draw reasonable inferences in favor of the plaintiff[]." *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 908 (7th Cir. 2013) (citing *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012)).

## ANALYSIS

The Postal Service offers three potential bases for dismissal of Bilgo's complaint: (1) subject-matter jurisdiction in federal court is lacking because the state court in which the action originated lacked jurisdiction; (2) Bilgo failed to exhaust his administrative remedies; and (3) Bilgo did not properly effectuate service as required by Fed. R. Civ. P. 4(i). *See* ECF No. 7 at 3–5.

"When a state-court case against the United States is removed pursuant to 28 U.S.C. § 1442(a), the federal court's jurisdiction is derivative of that of the state court." *Rice v. United States*, Case No. 14 CV 3278, 2014 U.S. Dist. LEXIS 165415, at *5 n.2 (N.D. Ill. Nov. 26, 2014) (citing *Edwards v. United States Dep't. of Justice*, 43 F.3d 312, 316 (7th Cir. 1994)). Thus, "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal

3

court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction." *Rodas v. Seidlin*, 656 F.3d 610, 615 (7th Cir. 2011) (quoting *Edwards*, 43 F.3d at 316). "This doctrine has been referred to as the doctrine of derivative jurisdiction." *Rodas*, 656 F.3d at 615 (citing *Palmer v. City Nat'l Bank, of West Virginia*, 498 F.3d 236, 239 (4th Cir. 2007)).

Here, it is undisputed that the Sheboygan County Circuit Court lacked jurisdiction over this action. Although Bilgo's complaint does not invoke any particular statute, his allegations—that the Postal Service sent him a factually inaccurate letter threatening to initiate police action—can only be construed as attempting to assert a cause of action under the Federal Tort Claims Act. The FTCA applies to tort claims against the Postal Service. *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006). "[C]laims under the Federal Tort Claims Act lie within the exclusive jurisdiction of the federal courts." *McCarter v. John Hancock Ctr.*, No. 02 C 6121, 2002 U.S. Dist. LEXIS 24650 (N.D. Ill. Dec. 18, 2002) (citing 28 U.S.C. § 1346(b)(1)). Because the state court did not have subject-matter jurisdiction over Bilgo's FTCA suit, this court did not acquire jurisdiction when the Postal Service removed it to federal court under § 1442(a)(1), even though jurisdiction would have been proper had the suit originally been commenced here.

But that doesn't necessarily mean dismissal is required for lack of subject-matter jurisdiction. "[T]he doctrine of derivative jurisdiction, notwithstanding its perhaps improvident name, is a procedural bar to the exercise of federal judicial power. It is not an essential ingredient for a court's subject matter jurisdiction." *Rodas*, 656 F.3d at 625. Bilgo could therefore, if he so chooses, file an amended complaint that engages with the federal

4

court's jurisdiction. *See Hammer v. United States Dep't of Health & Human Servs.*, 905 F.3d 517, 535 (7th Cir. 2018) (citing *Rodas*, 656 F.3d at 625).

Such an approach would not help Bilgo, however, because he also failed to exhaust his administrative remedies. "The Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, requires the exhaustion of administrative remedies prior to suing the federal government in tort." *Frey v. EPA*, 270 F.3d 1129, 1135 (7th Cir. 2001) (citing 28 U.S.C. § 2675(a)). Specifically, the exhaustion requirement reads as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

§ 2675(a). Bilgo does not allege in his complaint that he exhausted administrative remedies with the Postal Service prior to filing his complaint in state court. *See* ECF No. 1-1 at 2. And it is uncontested that the Postal Service has no record of Bilgo filing an administrative tort claim against the agency. *See* ECF No. 7-1, ¶¶ 4–6.[1] Thus, Bilgo's complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies.

Bilgo seems to argue that his communications with certain Postal Service employees satisfied the exhaustion requirement. *See* ECF No. 8 at 1–2. I disagree. The Code of Federal Regulations specifies that

> a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed

---

[1] I may consider the government's declaration without converting the Postal Service's motion into a motion for summary judgment. *See Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003) ("[I]n resolving a motion to dismiss, the district court is entitled to take judicial notice of matters in the public record.") (citations omitted); *see also Feistel v. United States Postal Serv.*, Case No. 08-C-75, 2008 U.S. Dist. LEXIS 121259, *3–4 (E.D. Wis. May 12, 2008) (taking judicial notice of Plaintiff's failure to exhaust where the exhaustion question was not contested).

> Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a). "Under this regulation a 'claim' has four elements: (i) notification of the incident; (ii) a demand for a sum certain; (iii) the title or capacity of the person signing; and (iv) evidence of this person's authority to represent the claimant." *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997). The emails referenced in Bilgo's response to the Postal Service's motion do not satisfy any of these four elements. At a minimum, those emails do not show a request "for money damages in a sum certain," the second element. Bilgo also seems to suggest that the Postal Service should have informed him about the exhaustion requirement. But he cites no authority placing such an affirmative duty on a federal agency. Bilgo therefore has not presented a "claim" sufficient to satisfy the FTCA's exhaustion requirements. Accordingly, his complaint (and this action) must be dismissed. *See Ward v. United States*, 1 F. App'x 511, 513–14 (7th Cir. 2001) (dismissing claim against Postal Service when plaintiff's "Standard Form 95 did not include a sum certain, let alone any other details that might have informed the agency of the amount of damages she sought from the government.")

6

## CONCLUSION

For all the foregoing reasons, the Postal Service's motion to dismiss, ECF No. 6, is **GRANTED**. The complaint and this action are **DISMISSED**. The clerk of court shall enter judgment accordingly.

**SO ORDERED** this 25th day of June, 2020.

_____
STEPHEN C. DRIES
United States Magistrate Judge